# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| CHRISTOPHER W. SIMPSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 5:06-0466 |
| | ) |
| T. R. CRAIG, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Motion for Summary Judgment (Doc. No. 7.) By Standing Order filed on June 14, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.)

## FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2006, Petitioner, an inmate at FCI Beckley, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus By a Person in State or Federal Custody challenging the Federal Bureau of Prisons' calculation of his sentence and an Application to Proceed *in Forma Pauperis*.[2] (Doc. Nos. 1-2.) On January 19, 2007, Petitioner filed a motion requesting a hearing on his § 2241 Application and a Motion for Summary Judgment.

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. T. R. Craig however, has since been designated as the Warden of FCI Beckley. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, T. R. Craig is automatically substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

(Doc. Nos. 6-7.) In his Motion for Summary Judgment, Petitioner again asserts that his sentence has been improperly calculated. Petitioner also states that he has been transferred to a Community Corrections Center.

On March 2, 2007, the undersigned issued an Order granting Petitioner's Application to Proceed *in Forma Pauperis* and an Order to Show Cause requiring Respondent to respond to Petitioner's Application.[3] (Doc. Nos. 8-9). On March 30, 2007, Respondent, by counsel, filed his Response to the Order to Show Cause. (Doc. No. 11.) Respondent states that Petitioner was released from FCI Beckley to a Residential Reentry Center [RRC] on September 30, 2006 and that Petitioner was released from the RRC to home confinement on November 21, 2006. Respondent further advises that on February 21, 2006, Petitioner was released from confinement via Good Conduct Time Release, and therefore contends that Petitioner's claims are moot. Petitioner has not filed a reply to Respondent's Response to Order to Show Cause.

## **ANALYSIS**

The undersigned finds that Petitioner's § 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Generally, a *habeas*

---

[3] The undersigned noted that the Federal Bureau of Prisons' Inmate Locator indicated that Petitioner had been released from custody. However, the undersigned was unclear as to whether Petitioner remained under supervised release or was subject to other restrictions. Accordingly, the undersigned found it appropriate to require Respondent to file a response to Petitioner's Application.

*corpus* petition becomes moot once the petitioner is released from custody, unless the petitioner can demonstrate sufficient collateral consequences of the underlying proceeding. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). The Supreme Court has established a presumption that a wrongful conviction has continuing collateral consequences. Id., 523 U.S. at 8, 11 S.Ct at 983. However, the Supreme Court has refused to extend the presumption of collateral consequences to cases where a conviction is not being attacked. See Id., 523 U.S. at 12-13, 118 S.Ct. at 985-986. In the instant matter, Petitioner challenges the calculation of his sentence; he does not challenge his underlying conviction. Moreover, Petitioner has not filed a reply to Respondent's Response demonstrating that he is suffering any collateral consequences now that he has completed his term of incarceration. Accordingly, Petitioner's claims are rendered moot by virtue of his release and the absence of collateral consequences and therefore, his § 2241 Application must be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application (Doc. No. 1), **DENY** Petitioner's Motion for Summary Judgment (Doc. No. 7) and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this

Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner who is acting *pro se* and counsel of record.

DATE: April 20, 2007.

R. Clarke VanDervort
United States Magistrate Judge